**Majority and Dissenting Opinions filed August 4, 2022, Withdrawn; Petition for Writ of Mandamus Denied; Substitute Memorandum Majority and Dissenting Opinions filed August 5, 2022.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00095-CR

---

## IN RE KENNETH R. SOWELL, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**262nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1007515**

---

### MEMORANDUM DISSENTING OPINION

Relator Sowell asks this court to compel the trial judge to rule on a motion for judgment nunc pro tunc in a case in which he has previously appealed.[1] *See State v. Sowell*, No. 1007515 (262d Dist. Ct., Harris Cty., Tex., Aug. 15, 2005), *aff'd*, No.

---

[1] Sowell requests a mandamus on Hon. Randy Roll, the former judge of the 262nd District Court. *See* Tex. R. App. P. 7.2(b).

14-05-00864-CR, 2006 WL 3091446 (Tex. App.—Houston [14th Dist.] Nov. 2, 2006, no pet.) (mem. op., not designated for publication).

The public docket of the court of criminal appeals reflects that Sowell has also filed an "application for writ of mandamus" under the original jurisdiction of that court. In a per curiam order, the court of criminal appeals recites that Sowell "contends that he filed a motion for judgment *nunc pro tunc* in the trial court, but that the trial court has not ruled on that motion." *In re Sowell*, No. WR-68,434-05, 2022 WL 852775, at *1 (Tex. Crim. App. Mar. 23, 2022) (order) (per curiam). The court of criminal appeals ordered that "Respondent, the Judge of the 262nd District Court, shall respond as to whether it has ruled on Relator's motion for judgment *nunc pro tunc*, and if not, why not. Respondent shall file a response within fifteen days from the date of this order."[2] *Id*. While the order reflects that the underlying trial court proceeding is the same cause number as that in the petition for a writ of mandamus in this court, a copy of the "application for writ of mandamus" has neither been filed with the clerk of this court, nor have I looked further than the March 23, 2022 order.

I do not disagree, were this court to address Sowell's complaint on the merits, that it appears the judgment is correct.[3] But as Sowell's mandamus proceeding is

---

[2] The public docket of the court of criminal appeals reflects that on July 15, 2022 the clerk of that court sent out the following notice: "On this day, the supplemental clerk's record, in response to the order issued by this Court, has been received and presented to the Court." The supplemental clerk's record is not available on the website.

[3] I applaud the court for deciding the case for reasons other than petitioner's purported noncompliance with judicially-created "extra rules" concerning presentment of motions by incarcerated persons. *See In re Gomez*, 602 S.W.3d 71, 74–75 (Tex. App.—Houston [14th Dist.] 2019) (orig. proceeding) (Spain, J., concurring); *In re Pete*, 589 S.W.3d 320, 323–324 (Tex. App.—Houston [14th Dist.] 2019) (orig. proceeding) (Spain, J., concurring); *see also In re Sowell*, No. 14-21-00387-CR, 2021 WL 4164923, at *1 (Tex. App.—Houston [14th Dist.] Sept. 14, 2021) (orig. proceeding) (Spain, J., dissenting).

still pending in the court of criminal appeals and that higher court has required the trial court to respond and received a response, I do not wish to suggest that the court of criminal appeals is requiring the trial court "to perform a useless act."

I would abate the proceeding in this court until the court of criminal appeals has concluded the mandamus proceeding in No. WR-68,434-05.

Accordingly, I respectfully dissent to the court's disposition of this original proceeding.


/s/    Charles A. Spain
        Justice

Panel consists of Chief Justice Christopher and Justices Bourliot and Spain (Bourliot, J., majority).

Do Not Publish — Tex. R. App. P. 47.2(b).